IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton T. Adams,<br><br>Petitioner,<br>v.<br><br>Major Tayor, *Lexington County Jail Administrator*<br><br>Respondent. | Case No. 0:26-cv-01857-SAC<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 11. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings. For the reasons stated herein, this matter is DISMISSED without prejudice.

**BACKGROUND**

Petitioner, proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. After Petitioner filed the Petition, the Magistrate Judge issued a proper form order advising Petitioner he must either pay the five-dollar filing fee or complete an application to proceed *in forma pauperis*. ECF No. 5. The Magistrate Judge advised Petitioner that if he failed to bring the case into proper form the case would be subject to dismissal for failure to prosecute and failure to comply with an order of the court. *Id.* at 1. Petitioner has not responded to the proper form order nor otherwise communicated with the Court.

On July 24, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 11. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 3. Petitioner

has not filed any objections and the time to do so has lapsed.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) "[I]in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)).

## CONCLUSION

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is **DISMISSED** without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

United States District Judge

October 1, 2026
Greenville, South Carolina

**CERTIFICATE OF APPEALABILITY**

Under the rules governing § 2254 Cases, the district court must issue or deny a certificate of appealability when the district court enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. These rules also apply to habeas petitions filed pursuant to sections other than § 2254. See Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). Without "a substantial showing of the denial of a constitutional right," the district court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right is made when the district court denies relief on the merits and reasonable jurist would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). The showing is also made when the court denies relief on procedural grounds and the petitioner demonstrates both the dispositive procedural ruling is debatable and the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Having adopted the reasoning in the Report, the Court has determined the legal standard for the issuance of a certificate of appealability has not been met and therefore denies issuing the same.